UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES C MARTIN, III,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:23-cv-00167-MHH |
| } | |
| **THE ALABAMA GREAT** } | |
| **SOUTHERN RAILROAD** } | |
| **COMPANY,** *et al.*, } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

Charles C. Martin III has sued The Alabama Great Southern Railroad Company, Norfolk Southern Railway Company, and Norfolk Southern Corporation for employment discrimination. Mr. Martin worked as a trainman and conductor for the defendants from May of 1979 until the defendants removed him from service in January of 2021. Mr. Martin alleges that the defendants discriminated against him based on his age and a perceived disability by removing him from service and then failing to reinstate him after his physician and the defendants' medical department cleared him to return to work.

In his initial complaint, which he filed on February 9, 2023, Mr. Martin asserted claims against the defendants for age discrimination and retaliation under

1

the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (Doc. 1). On April 14, 2023, Mr. Martin filed an amended complaint in which he reasserted his ADEA claims and added a claim for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (Doc. 18). The defendants argue that Mr. Martin's ADA claim is untimely, and they have asked the Court to dismiss that claim. (Doc. 25).

The question the defendants pose is whether the ADA claim in Mr. Martin's amended complaint, which "fall[s] outside the statute of limitations, . . . relates back to the date of filing of the original complaint pursuant to Rule 15(c)." *Iriele v. Griffin*, 65 F.4th 1280, 1287 (11th Cir. 2023). If the ADA claim "relates back," then the statute of limitations does not prevent Mr. Martin from pursuing his ADA claim.[1] Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the filing date of the original pleading and saves an otherwise untimely claim when the amendment adds "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(B)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly

---

[1] Mr. Martin administratively exhausted his ADA claim and his ADEA claims in one EEOC charge. (Doc. 18-1). Mr. Martin filed his ADEA claim within the time allotted after he received his EEOC right-to-sue letter.

asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Claims added in an amended complaint will not relate back when the new claims "'involve separate and distinct conduct,' such that the plaintiff would have to prove 'completely different facts' than required to recover on the claims in the original complaint." *Iriele*, 65 F.4th at 1287 (alteration adopted) (quoting *Caron*, 910 F.3d at 1368).

As the Court explained during oral argument on the defendants' motion to dismiss, the factual allegations concerning Mr. Martin's ADA claim are almost verbatim of the factual allegations Mr. Martin asserted in his original complaint. Mr. Martin's new ADA discrimination claim and his ADEA discrimination claim concern the circumstances surrounding the defendants' decision to remove him from service and the defendants' failure to reinstate him after he was cleared to return to work. The ADA claim in the amended complaint arose from conduct virtually identical to the conduct Mr. Martin described in his original complaint such that the amendment relates back to the filing date of the original complaint under Rule 15(c)(1)(B). *Cf. Iriele*, 65 F.4th at 1287 (new claims in amended complaint related back to the filing date of the original complaint where new claims were based on conduct "virtually identical" to the conduct the plaintiff alleged in the original complaint).

The defendants' argument that Mr. Martin's amended complaint does not relate back under Rule 15(c) because the "original complaint does not assert an ADA

3

claim" is not persuasive. (Doc. 25, p. 9). Rule 15(c) does not require the legal theories in an amended pleading to match those asserted in the original pleading; if a new claim in an amended complaint arises "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," that is enough to satisfy Rule 15(c). Fed. R. Civ. P. 15(c)(1)(B); *see also* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1497 (3d ed. 2023) ("The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."); *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991) ("[T]he relation-back doctrine is controlled not by the caption given a particular cause of action, but by the underlying facts upon which the cause of action is based."). "Indeed, an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in Rule 15(c)(1)(B)." 6A Wright, Miller, & Kane § 1497.[2]

The defendants' argument that the amended complaint "does not rely on the factual allegations set forth in the original [c]omplaint" because the original

---

[2] Rule 15(c)'s focus on the similarities between the factual underpinnings for a plaintiff's original claims and the claims a plaintiff adds through an amendment makes sense. The scope of discovery is not likely to change significantly when a plaintiff adds a new legal theory to a complaint, and a plaintiff may have only one recovery for a single harm, so an alternative legal theory does not expand a defendant's exposure to damages.

complaint "makes no mention of [Mr. Martin] having any disability" fares no better. (Doc. 25, pp. 13–14). The original complaint and amended complaint include allegations about the medical evaluations that the defendants required Mr. Martin to have. In both pleadings, Mr. Martin alleges that the defendants "refused to show [him] the results of the work evaluations and . . . never told him what impairment they believe he has." (*Compare* Doc. 1, ¶¶ 23–26, 28, 30, 33–36, 39; *with* Doc. 18, ¶¶ 24–27, 32, 34–38, 41). Mr. Martin's allegation that the defendants believed he had an impairment is synonymous with an allegation that the defendants regarded him as disabled. Mr. Martin did not have to use the term "disability" to have his ADA claim relate back to his ADEA claim for purposes of Rule 15(c).[3]

Finally, the opinions to which the defendants point as grounds for dismissal are distinguishable. For example, the defendants cite this Court's holding in *Stewart v. T-Mobile, USA*, 2015 WL 1345662 (N.D. Ala. Mar. 23, 2015). *Stewart* is distinguishable because Ms. Stewart attempted to plead an ADA failure-to-accommodate claim in an amended complaint based on facts that she did not allege

---

[3] Mr. Martin's ADA discrimination claim is not a failure to accommodate claim, so he did not have to allege facts relating to efforts to obtain an accommodation. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262–63 (11th Cir. 2007) (explaining that a plaintiff may prove discrimination under the ADA through either a disparate treatment theory or failure-to-accommodate theory); *Brown v. Fed. Rsrv. Bank of Atlanta*, 2021 WL 2471054, at *5 (N.D. Ga. May 4, 2021) (plaintiff's amended complaint adding claims under the ADA, including a failure-to-accommodate claim, did not relate back to the original complaint asserting FMLA claims absent factual allegations in the original complaint that the plaintiff requested and was denied a reasonable accommodation).

in her original complaint.  Ms. Stewart's original complaint concerned her termination for absenteeism after her employer denied her requests for FMLA leave. *Stewart*, 2:11-cv-03655-MHH (N.D. Ala.) (*Compare* Doc. 1, *with* Doc. 26).  This Court concluded that the ADA failure-to-accommodate claim did not relate back "because the original complaint did not put [the defendant] on notice that it would have to defend against an ADA claim."  2015 WL 1345662, at *5.[4]  Here, Mr. Martin's new ADA claim is based on the factual allegations in his original complaint.  Thus, his amended complaint meets the criteria under Rule 15(c), and his ADA discrimination claim relates back to his ADEA discrimination claim such that his ADA claim is timely.

For these reasons, the Court denies the defendants' motion to dismiss.  (Doc. 25).  No later than January 24, 2024, the parties shall comply with their Rule 26 obligations as set forth in the Court's initial order.  (Doc. 15).

---

[4] *Cf. Brown v. Montgomery Surgical Ctr.*, 2013 WL 1163427, at *8 (M.D. Ala. Mar. 20, 2013) (amended complaint adding ADA claim did not relate back where original complaint was "restrict[ed] . . . to facts indicating retaliatory treatment by her employer" and did not suggest that the plaintiff was discriminated against due to a disability); *Leonard v. Am. Color Graphics, Inc.*, 2005 WL 8158436, at *5 (N.D. Ala. Nov. 8, 2005) (amended complaint asserting new ADA claim "list[ed] multiple new factual allegations regarding the Plaintiff's disability" and thus did not arise out of the same operative facts set out in the original complaint asserting claims for racial and age discrimination).

**DONE** and **ORDERED** this January 17, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE